AARON D. FORD
  Attorney General
MAYRA GARAY (Bar No. 15550)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-3788 (phone)
(702) 486-3768 (fax)
Email: mgaray@ag.nv.gov

*Attorneys for Defendants*
*Perry Russell and Sandra Walker*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PERCEY LEE RIC'E,<br><br>        Plaintiff,<br><br>v.<br><br>PERRY RUSSELL, *et al.*,<br><br>        Defendants. | Case No. 3:23-cv-00339-MMD-CLB<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (ECF NO. 31)**<br>**[FIRST REQUEST]** |

Defendants, Perry Russell and Sandra Walker, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Mayra Garay, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby Move for a 14-day Extension of Time to File their Reply in Support of their Motion for Summary Judgment. ECF No. 31. This is Defendants' First Request for an extension of time for the subject reply deadline.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

On March 17, 2025, Defendants filed their motion for summary judgment seeking dismissal of this lawsuit. ECF No. 31. Plaintiff Percey Lee Ric'e (Ric'e) filed a motion for an extension of time to respond to Defendants' motion on April 1, 2025. ECF No. 40. This Court granted Ric'e's motion in part, granting Ric'e a 21-day extension, instead of a 45-day extension as Ric'e requested. ECF No. 41 at 1. Ric'e seems to have filed his response to

Defendant's motion, moving to dismiss Defendants' motion for summary judgment on April 28, 2025. ECF No. 42. Defendants seek a 14-day extension of time to file their reply in support of the motion for summary judgment, which is currently due on May 5, 2025, for good cause. This is Defendants' first request to extend the subject deadline.

## II. LEGAL STANDARD AND ARGUMENT

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. *Lynch v. Hernandez*, Case No. 2:21-cv-01981-ART-DJA, 2024 WL 5040434, at *2 (D. Nev. Nov. 7, 2024) (citing Fed. R. Civ. P. 16(b)(4); Local Rule 26-3). Under Local Rule 26-3, a motion to extend a date set by an order must, in addition to satisfying the requirements of Local Rule IA 6-1, be supported by a showing of good cause for the extension. *Tankersley v. MGM Resorts International*, Case No. 2:20-cv-00995-RFB-DJA, 2022 WL 1395457, at *4 (D. Nev. Apr. 18, 2022) (citing LR 26-3). The good cause standard primarily considers the diligence of the party seeking the extension. *Price v. Sims*, Case No. 2:21-cv-01438-CDS-DJA, 2023 WL 6539784, at *2 (D. Nev. Sept. 22, 2023) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 699 (9th Cir. 1992)). The scheduling order can be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. *Castronovo-Flihan v. State Farm Mutual Automobile Insurance Company*, Case No. 2:20-cv-01197-JCM-DJA, 2021 WL 5413886, at *1 (D. Nev. Sept. 17, 2021) (citing *Mammoth Recreations, Inc.*, 975 F.2d at 699).

This is Defendants' first request for an extension of the reply deadline. Good cause exists for this request because the response which is titled as a "motion to dismiss" caused some confusion as to whether Defendants should interpret this motion as an opposition or separate motion. *See* ECF No. 42. If this Court interprets Ric'e's motion as a separate motion, then Defendants would have 14-days to file an opposition instead of a reply in support of, which is due 7 days after an opposition is filed. Assuming this filing is Ric'e's opposition, as this Court only granted an extension up to April 28, 2025, Defendants respectfully request more time to thoroughly review the opposition and prepare their reply because Ric'e filed several affidavits and exhibits which were not previously disclosed

during discovery. If this Court interprets this filing as a separate motion, then Defendants only seek a 7-day extension to oppose Ric'e's motion to dismiss their motion for summary judgment.

Ric'e will not be prejudiced by the requested extension of time because assuming this Court interprets this filing as his opposition and not a separate motion, Ric'e is not entitled to a reply in support of his arguments set forth therein. Further, Ric'e has previously requested and was granted an extension to oppose Defendants' motion for summary judgment.

### III. CONCLUSION

Based upon the foregoing, Defendants believe good cause exists and ask this Court to grant the requested 14-day extension of the reply in support of motion for summary judgment deadline, thus making the new deadline May 19, 2025.

DATED this 5th day of May 2025.

AARON D. FORD
Attorney General

By: /s/ Mayra Garay
MAYRA GARAY (Bar No. 15550)
Deputy Attorney General

*Attorneys for Defendants*

**IT IS SO ORDERED.**
**DATED:** May 6, 2025

UNITED STATES MAGISTRATE JUDGE